**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
IN RE:                                              :
                                                    :
OPENAI, INC.,                                       :            25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                  :
                                                    :
                                                    :            **ORDER**
This Document Relates To:                           :
**All Actions**                                     :
                                                    :
-------------------------------------------------------------x

  **ONA T. WANG**, **United States Magistrate Judge**:

  The Court held a discovery status conference for all actions in this matter on Thursday,

September 25, 2025. As **ORDERED** at the September 25 Conference:

  **I. NEWS CASES**

For the reasons discussed on the record:

  1) News Plaintiffs' motion seeking discovery into all versions of Microsoft's Copilot

    product (ECF 549; 23-CV-11195, ECF 487)[1] is **DENIED without prejudice** until

    after Judge Stein has ruled on the pending motions to dismiss, stay, and/or

    strike. (*See* ECF Nos. 134, 405); (*see also* ECF 605).

  2) On the parties' representation that OpenAI's motion to compel production

    regarding the market impact of ChatGPT was resolved, ECF 539 is **DENIED as**

    **moot**.

---

[1] All references to the docket refer to 25-MD-3143 unless otherwise noted.

3) News Plaintiffs' motion seeking production of Common Crawl data (ECF Nos. 541, 561) is **DENIED without prejudice**, and the parties are directed to continue meeting and conferring on this issue.

4) OpenAI's motion seeking to extend the date range cutoff as to evidence going to the New York Times's allegations of ongoing harm (ECF 543) is **DENIED without prejudice** given News Plaintiffs' representation that they will produce a 30(b)(6) witness to answer questions responsive to this motion—this deposition <u>will count</u> against the OpenAI's total deposition hours cap. OpenAI is directed to review the discovery that New York Times has agreed to produce in response to this motion, and if OpenAI seeks to make this motion again, they must explain why the discovery they have received is insufficient and what the additional discovery sought would show.

5) On the parties' representation that they have reached an agreement on (1) News Plaintiffs' motion regarding RFP 158 and OpenAI's affirmative defenses (ECF 542) and (2) OpenAI's motion regarding New York Times's assertion of attorney-client privilege (ECF 551, 544); these motions are **held in abeyance** pending the parties' additional discussions.

6) Ziff Davis's motion regarding OpenAI's custodians and search terms specific to the *Ziff Davis* case (ECF 550) is **DENIED without prejudice.** The parties are directed to meet and confer about custodians and search terms applicable to the *Ziff Davis* case while the motions to dismiss, stay, and/or strike are pending before Judge Stein.

7) New York Times's motion regarding scheduling depositions (553) is **DENIED.** The parties are directed to meet and confer on this issue. If the parties file another motion on this issue, I will apportion costs under Rule 37(a)(5).

8) OpenAI's chart entry regarding Ziff Davis's substantial completion deadline, which does not correspond to a letter motion filed on the docket, is **DENIED as moot.**

9) On the parties' representation that they have reached an agreement on News Plaintiffs' motion to compel OpenAI to produce documents regarding ChatGPT's product recommendation feature, ECF Nos. 144 and 146 are **DENIED as moot.** The parties are directed to continue meeting and conferring on this issue.

10) On the parties' representations that they have resolved News Plaintiffs' motion to compel documents concerning "pink-slime" entities, ECF 559 is **DENIED as moot.**

11) Because the Court held a confidential settlement conference on September 26, 2025, the parties' request for the same (ECF 394) is **DENIED as moot**.

## II.    CLASS ACTION CASES

For the reasons discussed on the record:

1) The Court reserves its ruling on Class Plaintiffs' motion to compel Microsoft to produce the Bing Index for inspection. (ECF Nos. 546, 547).

2) OpenAI's motion to compel the S.D.N.Y. Class Plaintiffs to produce documents regarding the sales of non-asserted works and analyses of financial trends (ECF 532) works is **DENIED** as to non-asserted works and **DENIED without prejudice** as to the analyses of financial trends**.** OpenAI may file a motion to

reconsider this ruling as to non-asserted works, but any motion to reconsider must include relevant case law that warrants a different outcome. The parties are directed to continue meeting and conferring regarding S.D.N.Y. Class Plaintiffs' production related to financial trends.

3) OpenAI's motion regarding Class Plaintiffs' response to RFAs on OpenAI's market harm (ECF 533) is **DENIED without prejudice** to re-raising after expert discovery.

4) Class Plaintiffs' motion regarding OpenAI's refusal to run the search term "Bing Index" (ECF 557, 558) is **DENIED without prejudice**. The parties are directed to meet and confer regarding the "IPFS" search term and Bind Index document production.

5) The Court reserves its rulings on OpenAI's motion seeking to depose former Lead Plaintiffs of the Class Actions. (ECF Nos. 393, 397).

III.    **ALL ACTIONS**

For the reasons discussed on the record:

1) The Court reserves its ruling on Plaintiffs' motion regarding the collection of text and social media messages. (ECF 529).

The Clerk of Court is respectfully directed to close the following ECF Nos. in **Case No. 25-MD-3143**: 144, 146, 394, 532, 533, 539, 541, 543, 549, 550, 553, 557, 559, 561.

The Clerk of Court is respectfully directed to close the following ECF Nos. in **Case No. 23-CV-11195**: 487.

**SO ORDERED.**


_s/ Ona T. Wang_

Dated: September 29, 2025                    **Ona T. Wang**
        New York, New York                  United States Magistrate Judge